IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SHAWN ANTHONY GONZALEZ,

    Plaintiff,

   v.                                                             No. CIV 12-0834 RB/LFG

JERRY ROARK,
JAMES LOPEZ,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, Plaintiff's claims against the named Defendants will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973

F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint asserts claims that Plaintiff has been denied certain rights of religious freedom and equal protection under the First and Fourteenth Amendments. Plaintiff alleges that he is an American citizen of Mexican descent with a sincere religious belief in MesoAmerican theology/ Native American spirituality. He alleges that "chaplain services" at the prison refused his formal request to participate in Native American religious programming. He further alleges that he filed grievances and exhausted administrative remedies for the deprivations. The complaint seeks damages as well as declaratory and equitable relief.

Plaintiff's allegations do not support claims for relief against named Defendant Roark, the director of adult prisons. Plaintiff alleges that "chaplain services" denied his request to participate in Native American religious programming and that Defendant Roark denied his grievances. "[A] denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983. Because [Plaintiff]'s only allegations involving [Defendant Roark] relate to the denial of his grievances, he has not adequately alleged any factual basis to support an "affirmative link" between [Defendant Roark] and any alleged constitutional violation." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citations omitted).

Furthermore, the complaint's only factual allegation against Defendant Lopez, the prison's warden, is that Plaintiff sent him correspondence while his grievances were pending. This allegation fails to affirmatively link Defendant Lopez to the various violations. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by Defendants in the constitutional violation. *See Mitchell v. Maynard*,

2

80 F.3d 1433, 1441 (10th Cir. 1996).  A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official.  *See id.*  "We have said that a plaintiff cannot establish liability under § 1983 merely by showing that the defendant was in charge of others who may have committed a constitutional violation.  Instead, the plaintiff must establish a 'deliberate, intentional act by the supervisor to violate constitutional rights.' "  *Phillips v. Tiona*, No. 12-1055, 2013 WL 239891, at *6  (10th Cir. Jan. 23, 2013) (quoting *Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010)).  The Court will dismiss Plaintiff's claims against Defendants Roark and Lopez.

Plaintiff's failure to comply with the directions below may result in dismissal of his complaint and this action.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants Roark and Lopez are DISMISSED, and Defendants Roark and Lopez are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that, within fourteen (14) days from entry of this order, Plaintiff may file an amended complaint specifically identifying the individual(s) who denied his request to participate in Native American religious programming.

_____
UNITED STATES DISTRICT JUDGE