IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SHAWN ANTHONY GONZALEZ,

    Plaintiff,

v.     CIV No. 12-834 RB/GBW

TEX A. JOEY, RONALD MARTIN, JAVIER
ARCHULETA, and ROBERT MENDOZA,

    Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO SEAL

This matter is before the Court on Defendants' Motion to Seal Partial Exhibits and Portions of *Martinez* Report. *Doc. 50*. The Court, having considered Defendants' arguments and being otherwise fully advised, will GRANT the motion.

The undersigned entered his proposed findings and recommended disposition (PFRD) in the instant case on September 5, 2014, recommending dismissal of all of Plaintiff's claims. *Doc. 44*. Plaintiff objected to a portion of the PFRD on September 16, 2014. *Doc. 45*. On September 17, 2014, the Court ordered Defendants to respond to Plaintiff's objections. *Doc. 46*. Defendants now request leave to file a portion of their response and supporting exhibits under seal. *See generally doc. 50*. Specifically, they ask that the Court seal Defendants' response and documentation regarding the Court's instruction number (ii), which asks for "any available evidence . . . relating to . . . Plaintiff's gang involvement since 2009." *Doc. 46* at 1. Defendants maintain that

1

"making this information accessible to the Plaintiff or the public will compromise the safety and security of Plaintiff, other inmates and employees of the correctional facilities in New Mexico." *Doc. 50* at 1.  Defendants further state that, if the Court grants the motion, they will file a redacted response for Plaintiff that excludes the sensitive information.  *Doc. 50* at 2.

"A court has authority to seal documents before it, based upon the court's inherent supervisory authority over its own files and records." *United States v. Pickard*, 733 F.3d 1297, 1300 (10th Cir. 2013).  Although there is generally a presumption in favor of public access to judicial records, "[a] court can order documents sealed if the party moving for sealing is able to show 'some significant interest that outweighs the presumption' in favor of open access to judicial records." *Id.* (citing *Colony Ins. Co. v. Burke,* 698 F.3d 1222, 1241 (10th Cir. 2012)).  Courts have recognized, for example, that "[t]he safe and secure administration of a federal correctional facility" is a valid "counter interest to public access." *Elrod v. Walker*, No. 06-3115, 2011 WL 1113573, at *2 (D. Kan. Mar. 24, 2011); *see also Clark v. New Mexico Dep't of Corr.*, 58 F. App'x 789, 792 (10th Cir. 2003) (sealing a *Martinez* report where the information could "seriously jeopardize . . . inmates' safety").

Here, Defendants wish to seal information relating to Plaintiff's gang involvement in prison.  The Court has little difficulty in finding that this type of information has the potential to endanger Plaintiff, other prisoners, and to compromise

2

the overall security of the prison. The Court therefore concludes that Defendants' concerns are valid and suffice to outweigh the presumption in favor of access to judicial records.

IT IS THEREFORE ORDERED that Defendants' Motion to Seal (*doc. 50*) is GRANTED. In their response, Defendants are permitted to seal information pertaining to Plaintiff's gang involvement that poses security concerns to the prison, prison staff, Plaintiff, or other inmates.

Defendants are further ordered to file a redacted response, not under seal, that excludes the sensitive information.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE