IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SHAWN ANTHONY GONZALEZ,

    Plaintiff,

v.                                                           CIV No. 12-834 RB/GBW

TEX A. JOEY, RONALD MARTIN, JAVIER
ARCHULETA, and ROBERT MENDOZA,

    Defendants.

## ORDER OVERRULING OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS RECOMMENDED DISPOSITION

This matter comes before the Court on Defendants' Objections to the Magistrate Judge's Second Proposed Findings and Recommended Disposition (Second PFRD). *Doc. 60.* Having reviewed the relevant filings and the applicable law, and being otherwise fully advised, I find Defendants' Objections to be meritless. I will therefore overrule the Objections and adopt the PFRD.

**I.**     **BACKGROUND**

Plaintiff is suing Defendants under 42 U.S.C. § 1983 for alleged constitutional and statutory violations relating to (1) the denial of Plaintiff's request to participate in Native American programming, and (2) the confiscation of his composition notebook. *Docs. 13, 14.* Defendants filed a *Martinez* report on November 4, 2013, in which they moved for summary judgment on all of Plaintiff's claims. *Docs. 29, 30.* After requesting

1

supplemental briefing on the motion for summary judgment (*see docs. 45, 52, 53*), the Magistrate Judge entered his First Proposed Findings and Recommended Disposition (First PFRD) on September 5, 2014, recommending that the Court grant Defendants' Motion for Summary Judgment (*docs. 29, 30*), and dismiss Plaintiff's amended complaint (*docs. 13, 14*) with prejudice.

Plaintiff filed objections to the First PFRD on September 16, 2014. *Doc. 45*. His objections contested the Magistrate Judge's recommended finding that Plaintiff did not have a sincerely held belief in his claimed religion of Mexicanahuallotl. The Court adopted the sections of the PFRD to which Plaintiff did not object, and held in abeyance ruling on the claims relating to his sincerely held belief. Defendants were ordered to respond to Plaintiff's objections, and a hearing was held before the Magistrate Judge on Plaintiff's remaining claims on January 15, 2015. *See doc. 56.*

On February 6, 2015, the Magistrate Judge filed his Second Proposed Findings and Recommended Disposition (Second PFRD). *Doc. 59*. In light of Plaintiff's objections and the testimony and argument presented at the hearing, the Magistrate Judge recommended that the Court decline to find as a matter of law that Plaintiff did not have a sincerely held religious belief. He consequently recommended that the Court grant summary judgment on Plaintiff's remaining claims against Defendants Martin, Archuleta, and Mendoza, and deny summary judgment on Plaintiff's free

exercise, RLUIPA[1], and equal protection claims against Defendant Joey.  The Magistrate Judge further recommended that the Court deny Plaintiff's Motion for Jury Demand on the basis that he is only entitled to nominal damages (*doc. 38*).

## II.   STANDARD OF REVIEW

After a party objects to the magistrate judge's proposed findings and recommendations, the Court "shall make a de novo determination of those portions . . . to which objection is made."  28 U.S.C. § 636(b).  Objections must be made with specificity; general or conclusory objections are insufficient.  *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060-61 (10th Cir. 1996).   "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."  *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

## III.   ANALYSIS

**A. <u>Objection #1</u> – Defendants are entitled to summary judgment on the basis that Plaintiff does not have a sincerely held religious belief.**

Defendants first object to the Magistrate Judge's recommended finding that Defendants are not entitled to summary judgment on the basis that Plaintiff does not have a sincerely held belief in his claimed religion of Mexicanahuallotl.  They contend that "Plaintiff's words and actions . . . prove he is not a sincere practitioner of Native American Spirituality/Religion."  *Doc. 60* at 7.

---

[1] Because RLUIPA does not allow for cause of actions against defendants in their individual capacities, *see doc. 59* at 20-21, only the official-capacity RLUIPA claim against Defendant Joey would remain.

I have reviewed the Second PFRD and agree with the Magistrate Judge that there are sufficient factual disputes to preclude finding as a matter of law that Plaintiff does not have a sincerely held religious belief.  Defendants' objection is, therefore, OVERRULED.

### B.  Objection #2 – Defendants' actions did not substantially burden Plaintiff's sincerely held religious beliefs

Defendants next argue that Defendants' actions did not substantially burden Plaintiff's sincerely held beliefs because his religious practice is distinct from Native American religion and spirituality.  They urge that "[i]f Plaintiff is a sincere believer in Anahuac Theology, he is acting in complete contradiction to his professed religion by engaging in Native American Spirituality."  *Doc. 60* at 8.

The Court reads this as yet another argument that Plaintiff does not have a sincere belief in his professed religion.  Thus, for the reasons stated above, the objection is OVERRULED.

### C.  Objection #3 – The prison policy is the least restrictive means of furthering a compelling government interest

Defendants contend that the prison policy governing Native American programming conforms to the strict scrutiny analysis under RLUIPA and is the least restrictive means of furthering a compelling government interest.

As an initial matter, Defendants are clearly confused as to the correct legal standard to apply.  They argue that the Magistrate Judge erred in his RLUIPA analysis

because the prison policy is reasonable under the four factors set forth in *Turner v. Safley*, 482 U.S. 78 (1987).  However, *Turner* applies only to the First Amendment analysis and is entirely inapplicable to RLUIPA.  *Holt v. Hobbs*, 135 S. Ct. 853, 862 (2015).  Despite this misunderstanding, the Court has reviewed the Second PFRD and agrees with the Magistrate Judge's strict-scrutiny RLUIPA analysis as well as his analysis of the *Turner* factors as applied to Plaintiff's free exercise claim.  Defendants' objection is therefore OVERRULED.

   D. **Objection #4 – Equal Protection**

Finally, Defendants object to the Magistrate Judge's equal protection analysis on two grounds: (1) Plaintiff is not similarly situated to Native Americans because he does not have a sincerely held belief, and (2) the prison policy is not race-based because it does not exclude all non-Native Americans.

Because the Court has declined to rule as a matter of law that Plaintiff's belief is insincere, the first objection is OVERRULED.

As to the second objection, the Court agrees with the Magistrate Judge's reading of the plain language of the prison policy, and finds that the policy is race-based.  Defendants may, as they claim, be willing to consider evidence of sincere belief from individuals who are not Native American.  However, the Court concludes that the

policy itself, as written, requires proof of Native American heritage and is, therefore, race-based. This objection is OVERRULED.

IV. **CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' objections, *doc. 60*, are OVERRULED and the Magistrate Judge's Proposed Findings and Recommended Disposition, *doc. 59*, is ADOPTED. Plaintiff's remaining claims against Defendants Martin, Archuleta, and Mendoza are hereby DISMISSED with prejudice. Likewise, Plaintiff's individual-capacity RLUIPA claim against Defendant Joey is DISMISSED with prejudice. Plaintiff's free exercise claim, official-capacity RLUIPA claim, and equal protection claim against Defendant Joey remain.

IT IS FURTHER ORDERED that Plaintiff's Motion for Jury Demand (*doc. 38*), is DENIED.

_____
**ROBERT C. BRACK**
UNITED STATES DISTRICT JUDGE